UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

ALFREDO HERRERA-JIMENEZ,

                     Defendant.

------------------------------------X

10 Cr. 871-01 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5|3|11

**Sweet, D.J.**

     On December 10, 2010, Alfredo Herrera-Jimenez, a.k.a.
"Alfredo Reyes," ("Herrera-Jimenez" or "Defendant") pleaded
guilty to one count of illegal re-entry of a deported alien, in
violation of 8 U.S.C. §§ 1326(a) & (b)(2).  For the reasons set
forth below, Herrera-Jimenez will be sentenced to 37 months'
imprisonment to be followed by 3 years' supervised release.
Herrera-Jimenez will also be required to pay a special
assessment of $100.


**Prior Proceedings**


     On September 24, 2010, Indictment 10 CR 871-01 (RWS)
was filed in the Southern District of New York.  Count 1 charges

that on April 24, 2010, in the Southern District of New York and elsewhere, Herrera-Jimenez, being an alien after having been removed from the United States on October 29, 1992 subsequent to a conviction for an aggravated felony on October 4, 1991 in California Superior Court, did enter and was found in the United States without having obtained the express consent of the U.S. Attorney General or his successor, the Secretary for the Department of Homeland Security, to reapply for admission, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).

On December 10, 2010, Herrera-Jimenez appeared before the Honorable Michael H. Dolinger in the Southern District of New York and pleaded guilty to Count 1.

Herrera-Jimenez's sentencing is currently scheduled for May 5, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

2

consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

  (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2)  the need for the sentence imposed —

      (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)  to afford adequate deterrence to criminal conduct;

      (C)  to protect the public from further crimes of the defendant; and

      (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3)  the kinds of sentences available;

  (4)  the kinds of sentence and the sentencing range established for —

      (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

  (5)  any pertinent policy statement . . . [issued by the Sentencing Commission];

  (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)  the need to provide restitution to any victims of the offense.

3

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Herrera-Jimenez's personal and family history.

**The Offense Conduct**

The following description draws from the PSR.  The specific facts of the underlying conduct are adopted as set forth in that report.

The investigation into the instant offense was conducted by the Bureau of Immigration and Customs Enforcement (BICE).

On April 24, 2010, an individual using the name

4

"Alfredo Reyes" was arrested by the New York City Police Department and charged with Criminal Sale of a Controlled Substance in Queens County Supreme Court. In furtherance of a routine check for undocumented aliens by BICE, the case agent found pedigree information from this arrest that was either similar to or matched the information of an individual who had been previously deported to Mexico.

The case agent reviewed the file of Herrera-Jimenez. The file indicated that Herrera-Jimenez had been convicted in California Superior Court, Los Angeles County, on October 4, 1991 for False Imprisonment By Violence, an aggravated felony. The file further indicated that, following a term of imprisonment, Herrera-Jimenez was deported to his native Mexico on October 29, 1992.

The case agent, after reviewing and comparing fingerprint documents and pictures from the BICE file and the arrest file for Alfredo Reyes, determined that Alfredo Reyes was Herrera-Jimenez.

The case agent further determined that Herrera-Jimenez has never been a United States citizen nor has he ever been a

5

legal resident of the United States.  Finally, Herrera-Jimenez never applied for readmission to the United States.

The defendant was arrested by BICE and taken into federal custody on October 13, 2010.

## The Relevant Statutory Provisions

Pursuant to 8 U.S.C. § 1326, the maximum term of imprisonment is 20 years.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for one to five years' probation, pursuant to 18 U.S.C. § 3561(c)(1).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571.  A special assessment of $100 per count is mandatory, pursuant to 18 U.S.C. § 3013.

## The Guidelines

6

The November 1, 2010 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for the violation of 8 U.S.C. § 1326 is found in § 2L1.2. The base offense level is 8, pursuant to § 2L1.2(b)(1)(A).

Pursuant to §2L1.2(b)(1)(A)(ii), a 16-level increase is applicable because Defendant was previously deported subsequent to a felony conviction for a crime of violence.

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court

to allocate its resources efficiently.

Accordingly, the applicable offense level is 21.

On July 11, 1991, Herrera-Jimenez was arrested and charged with false imprisonment in the California Superior Court in Los Angeles. On October 2, 1991, Herrera-Jimenez was sentenced to 2 years' imprisonment. Pursuant to § 4A1.2(e)(3), this conviction warrants zero criminal history points.

A total of zero criminal history points establishes a Criminal History Category of I, pursuant to the table at Chapter 5, Part A, of the Guidelines.

Based on a total offense level of 21 and a Criminal History Category of I, the Guidelines range for imprisonment is 37 to 46 months.

The Guidelines range for a term of supervised release is two to three years, pursuant to § 5D1.2(a)(2). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b). Supervised release is required if the Court imposes

8

a term of imprisonment of more than one year or when required by statute, pursuant to § 5D1.1(a).

Defendant is not eligible for probation because the applicable guideline range is in Zone D of the Sentencing Table, pursuant to § 5B1.1, Application Note #2.

The fine range for the instant offense is $7,500 to $75,000, pursuant to § 5E1.2(c)(3)(A).  Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7).  The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's

decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.   In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offense, Herrera-Jimenez will be sentenced to 37 months' imprisonment and 3 years' supervised release.

Herrera-Jimenez is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release.   It is recommended that Herrera-Jimenez be supervised by the district of his residence.

As mandatory conditions of his supervised release,

10

Herrera-Jimenez shall:  (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; and (3) not possess a firearm or destructive device. The mandatory drug testing condition is suspended due to the Court's determination that Defendant poses a low risk of future substance abuse, as provided in 18 U.S.C. §§ 3563(a)(5) & 3583(d).

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1)  Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found.  The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

In consideration of all the factors set forth in 18

11

U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for May 5, 2011.

It is so ordered.

New York, NY
May ___ , 2011

_____
ROBERT W. SWEET
U.S.D.J.

12